Vinnie A. MURPHY, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 19371.

United States Court of Appeals
Ninth Circuit.

Feb. 10, 1965.

Rehearing Denied April 15, 1965.

Valentine Brookes, Paul E. Anderson, Richard A. Wilson, Kent & Brookes, San Francisco, Cal., for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Robert J. Golten, Dept. of Justice, Washington, D. C., for respondent.

Before HAMLEY, DUNIWAY and ELY, Circuit Judges.

DUNIWAY, Circuit Judge:

This is a petition for review of a decision of the Tax Court of the United States. We affirm. Petitioner, Vinnie A. Murphy, is the widow of Dr. Henry C. Murphy, who died on December 2, 1948. The Murphys were residents of California and they owned three parcels of improved real property which they held as community property until February 9, 1942. At that time they changed the ownership of these properties to joint tenancies. From then until February 16, 1948 they each owned, as separate property, an undivided interest as joint tenant in the three parcels. On February 16, 1948, they changed their ownership of these properties to tenancies in common, and from that time until Dr. Murphy's death, on December 2, 1948, each owned, as separate property, an undivided one-half interest as tenant in common in each of the parcels. Dr. Murphy's last will left his undivided one-half interest in the three parcels to Vinnie.

█ The doctor's one-half interests in the three parcels were included in his gross estate for federal estate tax purposes. Although these interests were left to Vinnie, the estate was not entitled to a marital deduction. This is because of the provisions of section 2056 (c) (2) (C) (i) of the Internal Revenue Code of 1954, (formerly § 812(e), Internal Revenue Code of 1939, as amended in the Revenue Act of 1948). Section 2056 allows, in subsection (a), a marital deduction of an amount equal to the value of any interest in property which passes from the decedent to his surviving spouse, to the extent that this interest is included in determining the value of his gross estate, but limited by subsection (c), subdivision (1) to one-half of the value of the adjusted gross estate. Subdivision (2) (B) (i) excludes from the adjusted gross estate property which is, at the time of the death of the decedent, held as community property. Subdivision (2) (C) (i) further provides that if after December 31, 1941 "property held as such community property * * * was by the decedent and the surviving spouse converted * * * into separate property of the decedent and his spouse (including any form of coownership by them), the separate property so acquired by the decedent and any property acquired at any time by the decedent in exchange therefor * * * shall, for the purposes of clauses (i) * * * of subparagraph (B), be considered as 'held as such community property'."

The question presented is whether, under the provisions of section 1014(b) (6) (formerly section 113(a) (5), I.R.C.1939 as amended) Vinnie's one-half interests in these parcels acquired a new basis by reason of Dr. Murphy's death.[1]  It is

1. Vinnie filed income tax returns for the years 1957 and 1958 in which she claimed depreciation deductions for depreciation on the three parcels of improved real property involved, based upon their fair market value at the date of Dr. Murphy's death. The Commissioner disallowed the depreciation deduction. It is immaterial here whether the controlling law is the Internal Revenue Code of 1939 as amended and in effect at the time of Dr. Murphy's death, or of 1954 as in effect in 1957 and 1958, because the pertinent language does not materially differ.

asserted that they did, such basis being the fair market value at the date of the doctor's death. Section 1014(a) provides in part: "[T]he basis of property in the hands of a person \* \* \* to whom the property passed from a decedent shall \* \* \* be the fair market value of the property at the date of the decedent's death \* \* \*." Subsection (b) provides "[f]or purposes of subsection (a), the following property shall be considered \* \* \* to have passed from the decedent: \* \* \* (6) In the case of decedents dying after December 31, 1947, property which represents the surviving spouse's one-half share of community property held by the decedent and the surviving spouse under the community property laws of any State \* \* \* if at least one-half of the whole of the community interest in such property was includible in determining the value of the decedent's gross estate under chapter 11 of subtitle B (section 2001 and following, relating to estate tax) or section 811 of the Internal Revenue Code of 1939 \* \* \*." The Commissioner's position is that at the time of Dr. Murphy's death the property in question was not "community property held by the decedent (Dr. Murphy) and the surviving spouse (Vinnie) under the community property laws of any State" within the meaning of the foregoing language of section 1014(b) (6).

■ Vinnie makes two arguments. The first is that the word "held" in the phrase that we have quoted above, being in the past tense, refers to property formerly held by the spouses as community property, and not solely to property held by them as community property at the time of the death of one of them. We think that this is so strained a construction of the language as to be unacceptable. The context indicates to us that the word "held" is used to refer to a holding in existence at the time of the death of a spouse. This argument, therefore, we reject.

■ The second argument is that section 2056(c) (2) (C) (i) makes the tenancies in common owned by Vinnie and the doctor at the time of his death into what Vinnie calls "constructive community property." She argues that the purpose of the amendments to the Internal Revenue Code contained in the Internal Revenue Act of 1948, which, among other things, set up the marital deduction scheme, was to equalize the positions of spouses in community property states and spouses in non-community property states, both as to estate tax and as to income tax. We agree that this was the general purpose. She says that the purpose of the allowance of a marital deduction to property of spouses in non-community property states is to put them on the same footing, from the standpoint of the federal estate tax, as spouses in community property states. In community property states, both before and after 1948, only one-half of the total community property is included and taxed in the estate of the spouse who dies first. In separate property states, since 1948, spouses can achieve the same tax result if the spouse who dies first and owns the property as separate property, leaves at least one-half of it to the surviving spouse. This could not be done before 1948. At the same time, because all of the separate property is in the estate, although only one-half is taxed, all of it gets a new basis, for income tax purposes, under section 1014. Similarly, the argument runs, the provisions of section 1014 indicate an intent that if one-half of the total marital property is included for federal estate tax purposes in the estate of the spouse who dies first, then all of such property acquires a new basis for income tax purposes. This is what section 1014 (b) (6) does for community property. We recognized and applied this theory as a basis for construing section 1014 in our recent decision in Stanley v. Commissioner, 9 Cir., 1964, 338 F.2d 434. We think the same principle of construction is applicable here, but we are not persuaded that it produces the result that Vinnie suggests.

■ The provisions that now appear in section 2056(c) (2) (C) (i) were enacted to close a possible loophole. Un-

der the 1948 Act, and but for these provisions, only one-fourth of the value of the parcels here involved, (that is, one-half of the doctor's separate one-half interest), would have been included in the doctor's adjusted gross estate. The other one-half of his one-half, as separate property, would qualify for the marital deduction. This would give spouses in community property states an opportunity to further reduce the estate tax by transmuting community into separate property and providing in their wills that at least one-half of the one-half interest of the spouse first to die would pass to the surviving spouse, while at the same time the surviving spouse would get a new basis under section 1014(b) (6) for all of the community property. On the other hand, in a separate property state, it has always been open to spouses to create some form of co-tenancy by transferring a one-half interest in the property to the other spouse. If this is done, and if the will of the spouse to die first leaves at least one-half of his one-half interest to the survivor, the estate gets the benefit of a marital deduction, so that only one-quarter of the total value of the property is taxed for federal estate tax purposes. In such a case, the surviving spouse gets a new basis for whatever part of the decedent's interest the survivor receives, but the surviving spouse does not get a new basis under section 1014 for the one-half interest that the survivor owns. Similarly, we think congress did not intend that the surviving spouse in a community property state should get a new basis for the one-half separate interest that the survivor owns in former, but converted, community property. There will, however, in such case be a new basis for the one-half interest that is in the decedent's estate, just as is true of Dr. Murphy's estate. Thus, there is a rough equalization of the position of the spouse in both types of states.

■ Vinnie illustrates her contention by the following hypothetical example:

| | "Community Property | Separate Property | Vinnie's Contention | Commissioner's Contention |
|---|---|---|---|---|
| Total value of marital property | $200,000 | $200,000 | $200,000 | $200,000 |
| Total cost of marital property | $100,000 | $100,000 | $100,000 | $100,000 |
| Total annual marital income | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 |
| Total annual federal income tax | $ 1,440 | $ 1,440 | $ 1,440 | $ 1,440 |
| Federal estate tax upon death of husband | $ 4,800 | $ 4,800 | $ 4,800 | $ 4,800 |
| Surviving wife's income tax basis for marital property | $200,000 | $200,000 | $200,000 | $150,000 |
| Taxable gain on sale thereof for $200,000 | $ 0 | $ 0 | $ 0 | $ 50,000" |

This table disregards the case in which, in a separate property state, the spouses have converted separate property into cotenancy. The Commissioner supplies this omission in the following table:

|  | Community Property Tenancy in Common | | Common Law Tenancy in Common |
|---|---|---|---|
|  | Under Commissioner's Construction of Section 1014(b)(6) | Under Vinnie's Construction of Section 1014(b)(6) | |
| Total Value of Marital Property | $200,000 | $200,000 | $200,000 |
| Total Cost of Marital Property | 100,000 | 100,000 | 100,000 |
| Federal Estate Tax | 4,800 | 4,800 | * |
| Federal Gift Tax | ———— | ———— | 5,250** |
| Surviving Wife's Income Tax Basis for Marital Property | 150,000 | 200,000 | 150,000 |

* This assumes that the decedent's adjusted gross estate does not exceed $120,000 and that he leaves all his property to his wife. If the adjusted gross estate exceeds that amount the effective rate of tax is 3% on the next $10,000, and scales higher thereafter.

** This assumes that the donor-husband does not apply any of his $30,000 lifetime exemption, or the $3,000 annual exclusion, to the gift. (If all of the $30,000 exemption were available, for example, the gift tax would be only $1,200)."

———◆———

We think that the Commissioner's table shows that the equalization about which Vinnie talks is more nearly achieved by the Commissioner's construction of the Code than by Vinnie's.

■ Vinnie urges that we should accept her position because in a separate property state, a conveyance by a spouse of an undivided one-half interest in that spouse's separate property to the other spouse is subject to the gift tax, whereas a conveyance in a community property state by spouses holding community property to themselves as cotenants does not result in a gift tax. This is undoubtedly so, but is not in our opinion a sufficient reason for accepting Vinnie's views. There is an offsetting estate tax advantage in the separate property state, as the Commissioner's table shows.

■ Neither Vinnie's nor the Commissioner's construction of the Code achieves a perfect equalization of the position of spouses in separate property states with that of spouses in community property states, for both estate tax purposes and income tax basis purposes. The Commissioner's construction is in accord with the plain language of section 1014(b) (6). We therefore decline to read into section 1014(b) (6) a construction which would include within it property of the kind defined in section 2056(c) (2) (C) (i).

Affirmed.